# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 25-mj-2208 |
| ROBERTO MEDINA-LOPEZ | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  May 22, 2025  in the county of  Williamson  in the
Middle  District of  Tennessee , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code Sections 1326(a) &(b)(2) | Illegal Re-entry subsequent to a conviction for an aggravated felony |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

/s/ Zack McMillen
*Complainant's signature*

Zack McMillen ICE ERO
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: 05/23/2025

*Judge's signature*

City and state:  Nashville, Tennessee   Hon. Jeffery S. Frensley, U.S. Magistrate Judge
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Zack W. McMillen, having been duly sworn, hereby depose and swear to the following:

1. I, Zack W. McMillen, am an Agent with the Department of Homeland Security, specifically the U.S. Immigration and Customs Enforcement Agency, currently assigned to the Middle District of Tennessee. I have been so employed since May 2023. As a federal agent for the Department of Homeland Security, I am familiar with federal statutes, including: 8 U.S.C. §§ 1326(a) and 1326(b)(2), which make it unlawful for an individual who has previously been deported from the United States subsequent to conviction for an aggravated felony to enter the United States without the authorization or concern of appropriate federal authorities. I am also familiar with 8 U.S.C. § 1101 (a)(43)(B) which, for the purposes of a violation of 8 U.S.C. § 1326(b)(2) defines an "aggravated felony" as (among other things) "illicit trafficking in a controlled substance . . . including a drug trafficking crime."

2. The facts contained in this affidavit are based on first-hand knowledge or information learned during this investigation from law enforcement sources or from witnesses. This affidavit does not contain each and every detail known by me regarding this investigation. Instead, this affidavit provides information necessary to establish probable cause to arrest Roberto MEDINA-LOPEZ (the Defendant) for a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

3. The Defendant is a Honduran citizen and alien to the United States.

4. On or about June 24, 2009, the Defendant was convicted in the Adams County, Colorado for the offense of Possession with Intent to Distribute a Controlled Substance – Schedule II, in violation of Colorado Revised Statutes 18-18-405. He was sentenced to four years imprisonment.

5. On or about October 13, 2010, the Defendant was ordered removed from the United States to his native country of Honduras following his conviction of an aggravated felony. The Defendant was removed from the United States to Honduras on or about November 4, 2010, via the Williams Gateway Airport in Arizona.

6. On or about March 25, 2013, a Border Patrol Agent encountered the Defendant in Arizona. The Defendant was processed by immigration officials and his removal order was reinstated. The Defendant was removed from the United States on or about May 8, 2013, from Phoenix, Arizona.

7. On or about January 25, 2017, a Border Patrol Agent encountered the Defendant near Lukeville, Arizona. The Defendant was processed by immigration officials and his removal order was reinstated. The Defendant was removed from the United States on or about February 1, 2017, from Phoenix, Arizona.

8. On or about May 22, 2025, a Franklin (Tennessee) Police Department (FPD) officer observed a vehicle driving in Franklin, Tennessee with a temporary tag. The FPD officer checked the temporary tag and discovered the tag was "Not on File." The FPD officer then initiated a traffic stop on the vehicle. The Defendant was the driver of the stopped vehicle. A check on the vehicle

showed the temporary tag on the vehicle was a fake. A check also found the Defendant did not have a valid license to operate a motor vehicle. The FPD officer arrested the Defendant for state offenses.

9. After the Defendant's arrest on May 22, 2025, ICE officers checked into the Defendant's immigration status. The records check verified the Defendant's prior criminal history and removal from the United States. Since the Defendant's removal in 2010, the Defendant has not received express consent to reapply for admission into the United States from the United States Attorney General and/or the Secretary of Homeland Security. The Defendant has entered and was found in the United States illegally and without authorization. The Defendant has no pending applications with the Citizenship and Immigration Services (USCIS). Immigration records reflect the Defendant does not appear to be eligible for any relief under the Immigration & Nationality Act (INA), as amended.

10. The Defendant was placed in ICE custody on May 23, 2025. The Defendant's identity was confirmed through biographical and biometric checks.

11. The Defendant's return to the United States is in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).